IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                        ORDER

    v.                                   08-cr-6-bbc-1

JACOURTNEY TICEY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Jacourtney Ticey's supervised release was held on October 3, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by counsel, Kim M. Zion. Also present was U.S. Probation Officer Michael D. Harper.

From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on July 31, 2008, following his conviction for distribution of a mixture or substance containing cocaine base (crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 51 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on August 12, 2011. On September 19, 2012, defendant violated Special Condition No. 5, requiring him to spend up to 120 days in a residential reentry center, when he was discharged from Rock Valley Community Programs, Inc. after failing to complete the program. From June 8, 2012 through July 9, 2012, defendant violated Standard Condition No. 9, prohibiting him from associating with any person engaged in criminal activity and any person convicted of a felony, when he associated with convicted felon Marissa Pannell. On June 8, 2012, defendant violated Standard Condition No. 3, requiring him to answer truthfully all inquiries by the probation officer, when he falsely informed his supervising probation officer that he was living alone and that he had not had any contact with Marissa Pannell. Defendant violated Standard Condition No. 7 and Special Condition No. 3, requiring him to abstain from illegal drug use, as evidenced by his July 31, 2012, submission of a urine specimen that tested positive for marijuana.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on July 31, 2008, will be revoked.

Defendant's criminal history category is III. A Grade C violation and a criminal history category of III defendant results in an advisory guideline term of imprisonment range of 5 to 11 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The intent of this sentence is to hold defendant accountable for these violations and for protection of the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 31, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 11 months. No term of supervised release shall follow the term of imprisonment.

3

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 3d day of October 2012.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge

4